UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
JERRY L. HARPER and                             :        CASE NO. 1:16-CV-01891
MEGAN E. HARPER                                 :
                                                :
              Plaintiffs,                       :
                                                :
vs.                                             :        OPINION & ORDER
                                                :        [Resolving Doc. No. 10]
CARRINGTON MORTGAGE                             :
SERVICES, LLC, *et al.*,                        :
                                                :
              Defendants.                       :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiffs Jerry L. Harper and Megan E. Harper filed this action in the Lorain

County Court of Common Pleas against Carrington Mortgage Services, LLC ("Carrington") and

Bank of America.  Plaintiffs ask this Court to enforce Uniform Commercial Code ("UCC") liens

they filed on their foreclosed property in an attempt to collect $ 982,504.00 from Carrington,

who purchased the property at the sheriff's sale.  Carrington, a California corporation with its

principal place of business in California, removed the action to this federal court, citing

diversity jurisdiction.  Bank of America, a North Carolina corporation, has not been served and

has not entered an appearance.  Carrington moved to dismiss the Complaint, claiming the

Plaintiffs failed to state a claim upon which relief can be granted.  For the reasons stated below,

the Motion to Dismiss is GRANTED[1], and this action is DISMISSED.

---

[1]    Doc. No. 10

## I.  Background

Plaintiffs obtained a mortgage to purchase the property at 307 Main Street, Amherst, Ohio ("the property") in 1992.  Plaintiffs defaulted on the mortgage in 2010, and Bank of America filed a foreclosure action in the Lorain County Court of Common Pleas.[2]  The court granted a judgment of foreclosure to Bank of America on September 30, 2011, and awarded them damages in the amount of $ 293,614.00.  Carrington purchased the property at the sheriff's sale.  The sale was confirmed and approved by the Common Pleas Court on November 17, 2014.

Unsatisfied with the state court's decision to grant a foreclosure judgment to Bank of America, Plaintiffs filed three subsequent challenges to the judgment in federal and state court.[3]  All three actions were summarily dismissed at the pleading stage.

Plaintiffs have now filed this action to obtain damages from Carrington.  They claim they still have a financial interest in the foreclosed property due to years of mortgage payments, maintenance expenses, and home improvements.  They suggest this interest transferred with the property and because Carrington purchased the property at sheriff's sale, Carrington owes them for these payments and improvements, which they calculate to be worth $ 982,504.00.  They filed UCC liens against Carrington with the Ohio Secretary of State and now seek to enforce those liens in this civil action.

---

[2]  *See Bank of America, N.A. v. Harper*, No. 10 CV 167218 (Lorain Cty Ct. Comm. Pl. filed Apr. 19, 2010).

[3]  *See Harper v. Bank of America*, No. 15 CV 373 (N.D. Ohio May 8, 2015)(civil rights action under 42 U.S.C. §§ 1983, 1985); *Harper v. Bank of America*, No. 13 CV 1594 (N.D. Ohio Aug. 7, 2013)(civil rights action under 42 U.S.C. § 1983); *Harper v. Bank of America*, No. 15-CV 186401 (Lorain Cty. Ct. Comm. Pl. July 13, 2015)(Petition for Injunction).

-2-

Carrington filed a Motion to Dismiss pursuant to Federal Civil Procedure Rule 12(b)(6).[4] They assert Ohio's secured transaction section of the UCC excludes the creation or transfer of an interest in or a lien on real property, and they contend they do not have an underlying debt to the Plaintiffs that would be secured by a lien.[5]  They also assert that the state court already decided in the course of the foreclosure action what interests the parties had in the real property. Although Plaintiffs disagree with that state court decision and have attempted to challenge it in three subsequent federal and state civil suits, they are barred by *res judicata* from relitigating the issue in this case.

## II.  Legal Standard

"To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6]  The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the Defendant has acted unlawfully."[7]

Federal Rule of Civil Procedure 8 requires that a Complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."[8]  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a Plaintiff armed with nothing more than

---

[4]    Docs. No. 10.

[5]    Doc. No. 11 at 5.  *See* OHIO REV. CODE § 1309.109(D)(11).

[6]    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)(quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[7]    *Id.*

[8]    FED.R.CIV.P. 8(a)(2).

conclusions."[9]  In deciding a Motion to Dismiss under Rule 12(b)(6), "a Court should assume the[ ] veracity" of "well-pleaded factual allegations."

Furthermore, even without a Motion to Dismiss, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."[10]  Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the case.[11]

### III.  Analysis

First, Plaintiff's claims are barred by *res judicata*.  They assert that they still have a financial interest in the foreclosed property from years of paying mortgages, performing maintenance, and making improvements.  The state court, however, already determined the parties' interests in the property when it granted a judgment of foreclosure and assessed damages.  Those damages were satisfied, in whole or in part, by the sale of the property.  Plaintiffs could and should have raised their claim of financial interest in the course of the foreclosure action.  They cannot assert claims in this federal court case to attack that state court

---

[9]  *Iqbal*, 556 U.S. at 678-79 (citations omitted).

[10]  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

[11]  *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

-4-

judgment or to relitigate issues already decided by the state courts.[12]  This Court must give full

faith and credit to the state court foreclosure judgment.[13]

Furthermore, Plaintiffs have tried on two previous occasions to relitigate the foreclosure

matter in federal court.[14]   Those federal court cases were dismissed on the merits.  Plaintiffs

cannot continue to litigate issues or claims which were or could have been addressed in those

prior federal court cases.[15]

Even if this action was not barred by *res judicata*, Plaintiffs fail to state a claim upon

which relief may be granted.  As Carrington points out, Article 9 of Ohio's UCC statute

specifically excludes from its provisions the creation or transfer of an interest in or a lien on real

property.[16]  Plaintiffs cannot rely on the UCC to support their claim that they had a financial

interest in the property which transferred to the purchaser of the property as a debt.

Furthermore, merely filling out a UCC lien form and filing it with the Secretary of State

does not create an obligation for Carrington to pay Plaintiffs the amount they put on the form.

To enforce the lien, there must be an underlying, legally-enforceable debt Carrington owes to

---

[12]    *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

[13]    *Id.*; *Migra v. Warren City School District Board of Educ.*465 U.S. 75, 81 (1984).

[14]    *See Harper v. Bank of America*, No. 15 CV 373 (N.D. Ohio May 8, 2015)(civil rights action under 42 U.S.C. §§ 1983, 1985); *Harper v. Bank of America*, No. 13 CV 1594 (N.D. Ohio Aug. 7, 2013)(civil rights action under 42 U.S.C. § 1983).

[15]    *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).

[16]    OHIO REV. CODE § 1309.109(D)(11).

Plaintiffs, and that debt must be evidenced by an authenticated security agreement.[17]  Plaintiffs do not have an authenticated security agreement to collect moneys they invested in the property.

Finally, Plaintiffs contend they have a common law lien in the property which puts a cloud on the title and is enforceable against the purchaser.  Common law liens generally encompass mechanic's liens and attorney liens.[18]  Plaintiffs do not cite to any legal authority to suggest that the former owner of a foreclosed property has a common law lien on the property for mortgage payments and improvements made to the property prior to foreclosure.

### IV.  Conclusion

Accordingly, Carrington's Motion to Dismiss is granted.[19]  The claims against Bank of America are also dismissed.[20]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[21]

IT IS SO ORDERED.


Dated: September 16, 2016                    s/   James S. Gwin
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[17]  OHIO REV. CODE § 1309.203(A) and (B)(3)(a).

[18]  See e.g., In re Hadley, 541 B.R. 829, 841 (Bankr. N.D. Ohio 2015)

[19]  Doc. No. 10

[20]  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)

[21]  28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.